**E-FILED on** 8/5/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY G. REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVE KELLBERG, FRANCIS VASQUEZ, and EXTENDED STAY DE LUXE,<br><br>    Defendants. | No. C-09-01553 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT<br><br>**[Re Docket No. 21]** |

Defendants' motion to dismiss the complaint came on for hearing before the court on July 31, 2009. Plaintiff did not file any timely papers in opposition to the motion but appeared at the hearing. Having considered the papers submitted by the parties and the arguments of plaintiff and defense counsel at oral argument, and for good cause appearing, defendants' motion is granted.

## I. BACKGROUND

Plaintiff Jeffrey G. Reyes brings this civil rights and tort action against defendants Dave Kellberg, Francis Vasquez, and HVM L.L.C.[1] for claims arising out of his termination of employment on January 6, 2009. Reyes alleges that, although defendants lacked proof, they accused him of stealing $70.00 from a vault in order to terminate his employment. Comp. 3:3-7. Reyes

---

[1] HVM L.L.C. is erroneously named as Extended Stay Deluxe Hotel in the complaint.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT—No. C-09-01553 RMW
EDT/ter

United States District Court
For the Northern District of California

asserts three causes of action: (1) unlawful failure to employ in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1); (2) wrongful termination in violation of Title VII; and (3) defamation. Comp. 2:14-24. Defendants move to dismiss all three causes of action.

## II. ANALYSIS

### A. General Standards Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claim and dismissal is proper where the plaintiff fails to state a claim upon which relief can be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *De La Cruz v. Torney*, 582 F.2d 45, 48 (9th Cir. 1978). Thus, a suit should not be dismissed if the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, when considering a motion to dismiss, the court must assume that the facts alleged in the complaint are true and construe them in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Yet, the court need not accept "labels and conclusions," and "formulaic recitation[s] of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555.

### B. Defendants' Motion to Dismiss

Defendants seek dismissal of the Title VII claims on the bases that the complaint does not allege any facts to support claims of discrimination and that Reyes has failed to exhaust his administrative remedies. Motion at 2. The complaint does not allege any facts sufficient to plausibly suggest discrimination on the basis of race/color, sex, or national origin under Title VII and thus fails to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 570. Furthermore, Reyes is required to exhaust his administrative remedies before he can file a civil lawsuit alleging a discrimination claim under Title VII. 42 U.S.C. § 2000e-16(c); *Sommatino v. United States*, 255 F.3d 704, 707-08 (9th Cir. 2001). If a plaintiff has not presented a discrimination complaint to the appropriate administrative authority, the federal district court does not have subject matter jurisdiction to hear the claim. *Sommatino* 255 F.3d at 708. Reyes has not alleged that he has filed his complaint with an appropriate administrative authority, such as the Equal Employment Opportunity Commission, and therefore the court does not have subject matter

jurisdiction to hear his Title VII claims.  Accordingly, the motion to dismiss the Title VII claims is granted, without prejudice to enable Mr. Reyes to pursue his administrative remedies.

Because the federal claims were dismissed for lack of subject matter jurisdiction, the court has no discretion to retain supplemental jurisdiction over Reyes' remaining state law claim for defamation.  *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002).  Accordingly, the motion to dismiss the defamation claim is granted without prejudice.

### III.  ORDER

For the foregoing reasons, the court grants the defendants' motion to dismiss the complaint without prejudice.

DATED:     8/4/09

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Defendants:**

Thomas Michael McInerney        tmm@ogletreedeakins.com

David Dong-In Sohn              david.sohn@ogletreedeakins.com

**A copy of this document has been mailed to:**

**Plaintiff:**

Jeffrey G Reyes
105 Serra Way #216
Milpitas, CA 95035

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   8/5/09                                                          TER

                                                  **Chambers of Judge Whyte**